UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON
*-ELECTRONICALLY FILED-*

| | |
|---|---|
| TIMOTHY VANHOOK, EXECUTOR OF THE ESTATE OF WILDA VANHOOK<br><br>Plaintiff.<br><br>v.<br><br>SOMERSET HEALTH FACILITIES, L.P. d/b/a CUMBERLAND NURSING AND REHABILITATION CENTER<br><br>Defendant. | Civil Action No. _____ |

## NOTICE OF REMOVAL

Defendant, Somerset Health Facilities, L.P. d/b/a Cumberland Nursing and Rehabilitation Center ("Defendant"), by its undersigned counsel, and with reservation of all defenses, hereby removes the above-captioned action from the Pulaski Circuit Court, Division Two, Pulaski County, Kentucky, to the United States District Court for the Eastern District of Kentucky, Southern Division at London, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and respectfully states:

1. On or about April 25, 2014, Plaintiff, Timothy Vanhook, Executor of the Estate of Wilda Vanhook, filed this civil action against Somerset Health Facilities, L.P. d/b/a Cumberland Nursing and Rehabilitation Center, in the Commonwealth of Kentucky, Pulaski Circuit Court, Division Two, Case No. 14-CI-00422.

2. This action concerns claims of nursing negligence, corporate negligence and

violations of the Kentucky Resident's Rights statute, arising out of the nursing home residency of Wilda Vanhook who died on April 26, 2013. Plaintiff's Complaint alleges that Ms. Vanhook's injuries were caused by the alleged negligence of the Defendant and/or the staff employed by Defendant.

3. As more fully set out below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendant has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

I. **DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

4. This Notice of Removal is being filed within 30 days of the first date on which Defendant received a copy of the Complaint through service or otherwise. Therefore, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

5. The Pulaski Circuit Court is located within the Eastern District of Kentucky, Southern Division, London, and therefore this civil action is properly removed to this Court pursuant to 28 U.S.C. § 97(b) because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also* LR 3.

6. There have been no further proceedings in the state court action.

7. No previous application has been made for the relief requested herein.

8. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Somerset Health Facilities, L.P. d/b/a Cumberland Nursing and Rehabilitation Center, which papers include the summons and complaint received by each, is attached as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for the Plaintiff, and a copy is being filed with the Clerk of the Pulaski Circuit Court.

## II.     REMOVAL IS PROPER IN THIS CASE.

9.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which there is complete diversity among all of the parties, and the amount in controversy exceeds the sum of $75,000 exclusive of costs and interest.

### A.     Complete Diversity Of Citizenship.

10.     There is complete diversity among the Plaintiff, Timothy Vanhook, Executor of the Estate of Wilda Vanhook and Defendant, Somerset Health Facilities, L.P. d/b/a Cumberland Nursing and Rehabilitation Center.

11.     Upon information and belief, the Plaintiff is a citizen of the Commonwealth of Kentucky.  The named Plaintiff is Timothy Vanhook, Executor of the Estate of Wilda Vanhook.  As Paragraph 3 of the Complaint more fully describes, Plaintiff is Timothy Vanhook, Wilda Vanhook's son and the Executor of the Estate of Wilda Vanhook by Order of the Pulaski County District Court. Mr. Vanhook is the legal representative of the decedent, Wilda Vanhook, who resided in Cumberland, Pulaski County, Kentucky and was therefore a citizen of Kentucky. (Compl. ¶ 10.)  Upon information and belief, the Plaintiff, Timothy Vanhook, individually, is, and was at the time this action was filed, a resident and citizen of the Commonwealth of Kentucky.  Mr. Vanhook is also the legal representative of the Estate of Wilda Vanhook which was at the time this action was filed, a resident and citizen of the Commonwealth of Kentucky. (Compl. ¶ 3 and ¶ 10.)  Therefore the citizenship of the Plaintiff for diversity purposes is the Commonwealth of Kentucky.  *See* 28 U.S.C. § 1332(c)(2).

12.     Defendant Somerset Health Facilities, L.P. d/b/a Cumberland Nursing and Rehabilitation Center was, at the time this action was filed, a Texas limited partnership whose only two partners are citizens of the state of Texas. This limited partnership has its state of origin

3

in Texas and its principal office at 5420 W. Plano Parkway, Plano, Texas 75093. The sole general partner of this limited partnership is Somerset Health Facilities GP, LLC, which is a foreign limited liability company with its state of origin in Texas and its principal office at 5500 W. Plano Parkway, Plano, Texas 75093. The sole member of this limited liability company is Thomas D. Scott, a resident of Texas residing at 10032 County Road 175, Celina, Texas 75009. The sole limited partner of the Defendant partnership is Thomas D. Scott, a resident of Texas.

For purposes of diversity jurisdiction, the Defendant is therefore a citizen of Texas. *See* 28 U.S.C. § 1332(a)(2).

It should also be noted that Plaintiff's Complaint in this matter acknowledges that the Defendant is a foreign entity in Paragraph 4, which describes the Defendant as "a Texas assumed name partnership organized under the laws of Texas…in good standing and…authorized to do business in the Commonwealth of Kentucky, having a principal office located at 5420 W Plano Parkway, Plano, Texas 75093." (Compl. ¶ 4.)

### B.     The Amount In Controversy Requirement Is Satisfied.

13.     The allegations in Plaintiff's Complaint clearly meet the amount-in-controversy threshold. The Plaintiff alleges Somerset Health Facilities, L.P. d/b/a Cumberland Nursing and Rehabilitation Center committed acts of negligence, including gross negligence, and that, as a result of such alleged actions, Plaintiff "is entitled to recover actual damages in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases." (Compl. ¶ 41). Plaintiff's Complaint, on its face, acknowledges that the amount-in-controversy requirement is satisfied.

14. Moreover, Plaintiff seeks punitive damages against the Defendant. (Compl. ¶ 42.) Numerous federal courts have considered and included punitive damages in calculating the amount in controversy for purposes of invoking diversity jurisdiction. *See* Hamm v. Allstate Property & Cas. Ins. Co., 908 F.Supp.2d 656 (W.D. Pa. 2012); Salazar v. Downey, 2012 WL 5389678 (N.D. Texas, 2012).

18. Given the nature of the alleged injuries, Plaintiff's acknowledgment in the Complaint that the amount-in-controversy requirement is met, as well as the claim for punitive damages, it is evident that the amount-in-controversy requirement is satisfied for each and every claim brought by the Plaintiff.

19. If any question arises as to the propriety of the removal of this action, the removing Defendant respectfully requests the opportunity to brief any disputed issues and to present oral argument in support of its position that this case is properly removable.

20. Pursuant to Federal Rule of Civil Procedure 81(c)(3), Defendant hereby requests a trial by jury in this matter.

WHEREFORE, Defendant Somerset Health Facilities, L.P. d/b/a Cumberland Nursing and Rehabilitation Center respectfully removes this action from the Pulaski Circuit Court of Kentucky, Division Two, Case No. 14-CI-00422, to this Court pursuant to 28 U.S.C. §1441.

Respectfully submitted,

**FROST BROWN TODD, LLC**

*/s/ Kathryn T. Martin*
Edmund J. Benson
Kathryn T. Martin
250 West Main Street, Suite 2800
Lexington, Kentucky 40507-1749
Telephone: (859) 231-0000
Facsimile: (859) 231-0011
nbenson@fbtlaw.com
kmartin@fbtlaw.com
**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 20th day of May, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

I further certify that on the same date a true and correct copy of the foregoing was mailed, first-class mail, postage pre-paid, to the following:

Jeremy J. Nelson
The Sampson Law Firm
450 South Third Street, 4th Floor
Louisville, KY 40202
Telephone: (502) 584-5050
Facsimile: (502) 584-1212
jeremy@slftrial.com
**COUNSEL FOR PLAINTIFF**

*/s/ Kathryn T. Martin*
**COUNSEL FOR DEFENDANT**

LEXLibrary 0125636.0617183   617970v1