| AOC-105 Doc. Code: CI<br>Rev. 1-07<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | <br>**CIVIL SUMMONS** | Case No. 14-CI-00422<br>Court ☑ Circuit ☐ District<br>County Pulaski II |
|---|---|---|

**PLAINTIFF**

TIMOTHY VANHOOK, EXECUTOR OF THE ESTATE OF WILDA VANHOOK, Deceased

Received by Regular mail 4/30/14

VS.

**DEFENDANT**

SOMERSET HEALTH FACILITIES, L.P. d/b/a CUMBERLAND NURSING AND REHABILITATION
200 NORFLEET DRIVE
SOMERSET Kentucky 42501

**Service of Process Agent for Defendant:**
NATIONAL REGISTERED AGENTS, INC.
306 WEST MAIN STREET, SUITE 512
FRANKFORT Kentucky 40601

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: 4-25, 2014

George Flynn Clerk
By: A. May D.C.

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

______________________________

this _____ day of _______________, 2______.

Served by: ______________________________

______________________________ Title

NO. 14-CI-00422

PULASKI CIRCUIT COURT
DIVISION II
JUDGE

**TIMOTHY VANHOOK, EXECUTOR OF THE ESTATE OF WILDA VANHOOK, Deceased** — **PLAINTIFF**

FILED
GEORGE FLYNN, CLERK
APR 25 2014
PULASKI CIRC DIST COURT
BY

**v.**

**SOMERSET HEALTH FACILITIES, L.P. d/b/a CUMBERLAND NURSING AND REHABILITATION CENTER** — **DEFENDANT**

Serve: National Registered Agents, Inc.
306 West Main Street, Suite 512
Frankfort, Kentucky 40601

## COMPLAINT

* * * * * * * * *

Comes the Plaintiff, Timothy Vanhook, Executor of the Estate of Wilda Vanhook, Deceased, ("Plaintiff"), by and through counsel, and brings this, his cause of action against the Defendant, Somerset Health Facilities, L.P. d/b/a Cumberland Nursing and Rehabilitation Center ("Cumberland"), and hereby states as follows:

1. Decedent, Wilda Vanhook, was admitted as a Resident of the facility known as the Cumberland Nursing and Rehabilitation Facility (the "Facility") on or about June 3, 2012 (the "Admission") until her death on April 26, 2013; for all purposes herein Resident shall be used as defined in KRS 216.510(2).

2. Decedent, Wilda Vanhook, ("Decedent"), died on April 26, 2013.

3. Timothy Vanhook, Decedent, Wilda Vanhook's son, was appointed Executor of the Estate of Wilda Vanhook (the "Estate"), by Order of the Pulaski County District Court, dated May 28, 2013; Timothy Vanhook, brings this action on behalf of the Estate in his capacity as Executor. (A copy of the Order appointing Timothy Vanhook as Executor is attached as Exhibit A).

4. Defendant, Cumberland, is a Texas assumed name partnership organized under the laws of Texas; at all times material hereto Defendant, Cumberland, was and remains in good standing and is authorized to do business in the Commonwealth of Kentucky, having a principal office located at 5420 W Plano Parkway, Plano, Texas 75093.

5. The registered agent for service of process, for Defendant, Cumberland, is National Registered Agents, Inc., 306 West Main Street, Suite 512, Frankfort, Kentucky 40601.

6. Upon information and belief, at all times material to this action, Defendant, Cumberland, owned, operated, managed, controlled, and/or provided services for the Facility; Defendant, Cumberland was, at all times material to this action, the "licensee" of the Facility pursuant to the laws of the Commonwealth of Kentucky and regulations promulgated under those laws and enforced by the Kentucky Cabinet for Health and Family Services (the "Cabinet"), as licensee of the Facility, Defendant, Cumberland, was legally responsible for all of the Facility's operations, including but not limited to, ensuring compliance of Defendant, Cumberland, the Facility, all staff, agents, and employees of either or both Defendant, Cumberland, or the Facility with all laws and regulations related to Defendant, Cumberland's, operation of the Facility.

7. The causes of action made the basis of this suit arise out of any and all of the business conducted by Defendant, Cumberland, related to its ownership, operation, management, control, licensing of, or services provided by or for the Facility while Decedent, Wilda Vanhook, was a Resident at the Facility.

8. Defendant, Cumberland, controlled all day-to-day operations of the Facility, including but not limited to, planning, management, budget and quality control of the Facility. The authority exercised by Defendant, Cumberland, and its management and Principals directly or indirectly through Defendant, Cumberland's, staff, agents, and employees over the Facility

included, and continues to include control of marketing; management of human resources, personnel, training, and staffing; creation and implementation of all policies and procedures required to be used by the Facility, specifically, and nursing facilities in the Commonwealth of Kentucky, in general; coordination of any applicable federal and state reimbursement, quality care assessment and compliance; licensure and certification; procurement of legal services; and financial, tax and accounting control through fiscal policies established by Defendant, Cumberland, its management, and/or Principals.

**JURISDICTION AND VENUE**

9. Plaintiff, Timothy Vanhook, Executor of the Estate of Wilda Vanhook, Deceased, restates and reasserts the statements and allegations contained in Paragraphs 1-8, as if fully set forth herein.

10. At all times material hereto, Decedent, Wilda Vanhook, resided in Cumberland, Pulaski County, Kentucky.

11. From the Admission to death, inclusive, Decedent, Wilda Vanhook, was a Resident at the Facility.

12. Defendant, Cumberland, does business in Somerset, Pulaski County, Kentucky.

13. The amount in controversy is in excess of the jurisdictional minimum for matters in the Pulaski County Circuit Court.

14. Jurisdiction and venue are proper in this, the Pulaski County Circuit Court.

**FACTUAL ALLEGATIONS**

15. Plaintiff, Timothy Vanhook, Executor of the Estate of Wilda Vanhook, Deceased, restates and reasserts the statements and allegations contained in Paragraphs 1-14, as if fully set forth herein.

16. As a Resident at the Facility, Decedent, Wilda Vanhook, was looking to Defendant, Cumberland, for treatment of her total needs, including but not limited to, custodial care, nursing care, all other medical care and assistance, and assistance with her activities of daily living, not merely as a site where others, not associated with Defendant, Cumberland, or the Facility, would treat her.

17. At all relevant times mentioned herein, Defendant, Cumberland, maintained ownership, operation, management and/or control of the Facility directly and indirectly, through other business enterprises or a business enterprise, partnership, some agency relationship, other diverse subalterns, subsidiaries, governing bodies, agents, servants or employees, including but not limited to its officers, Somerset Health Facilities GP, LLC.

18. Defendant, Cumberland, is directly or vicariously liable for any and all acts and omissions made by any person or entity, controlled by it whether directly or indirectly, including but not limited to any governing body, officer, employee, ostensible or apparent agent, partner, consultant or independent contractor, whether operating within or outside the Facility and whether an individual, entity, or agency.

19. Defendant, Cumberland, failed to discharge its obligation of care to Decedent, Wilda Vanhook, with a conscious disregard for her rights and safety. At all times mentioned herein, upon information and belief, Defendant, Cumberland, through its Principals, corporate officers, administrators, or agents, had knowledge of and ratified, otherwise authorized, all of the acts and omissions which caused the injuries suffered by Decedent, Wilda Vanhook, as more fully set forth below; and knew the Facility could not provide the minimum standard of care necessary for adequate treatment of the weak and vulnerable residents of the Facility, including Decedent, Wilda Vanhook.

20. Due to the wrongful conduct of Defendant, Cumberland, Decedent, Wilda Vanhook, suffered accelerated deterioration of her health and physical condition beyond that caused by the normal aging process, as well as the following injuries:

a) Multiple pressure sores;

b) Dehydration; and

c) Malnourishment.

**NEGLIGENCE**

21. Plaintiff, Timothy Vanhook, Executor of the Estate of Wilda Vanhook, Deceased, re-alleges and incorporates the information and allegations contained in Paragraphs 1-20, as if fully set forth herein.

22. Defendant, Cumberland, owed a non-delegable duty to Decedent, Wilda Vanhook, to provide her the custodial care, services and supervision that a reasonably prudent nursing home would provide under similar circumstances.

23. Upon information and belief, Defendant, Cumberland, knowingly developed and maintained staffing levels at the Facility below those necessary to adequately care for and treat its Residents, including Decedent, Wilda Vanhook, with a willful and negligent disregard of patient acuity levels as well as the minimal time necessary to perform the essential functions of providing care to Decedent, Wilda Vanhook.

24. Defendant, Cumberland, negligently failed to deliver care, services and supervision, including, but not limited to, the following acts and omissions:

a) Failure by the members of the governing body and Principles of Defendant, Cumberland, and of the staff of the Facility to discharge their legal and lawful obligations by:

1) Ensuring that the rules and regulations designed to protect the health and safety of the residents, including Decedent, Wilda Vanhook, as

promulgated by the Commonwealth of Kentucky's Cabinet for Health and Family Services, Division of Long Term Care;

2) Ensuring compliance with any or all resident care policies for the Facility; and

3) Ensuring appropriate corrective measures were implemented to correct problems concerning inadequate resident care.

b) Failure to provide a facility that was sufficiently staffed with personnel who were properly qualified and trained;

c) Failure to provide the minimum number of qualified personnel to meet the total needs of Decedent, Wilda Vanhook;

d) Failure to maintain all records on Decedent, Wilda Vanhook, in accordance with accepted professional standards and practices;

e) Failure to ensure that Decedent, Wilda Vanhook, received adequate and proper nutrition, fluids, supervision, therapeutic, and skin care;

f) Failure to maintain and, when necessary, increase the number of personnel, medical or otherwise, at the Facility to ensure that Decedent, Wilda Vanhook, received timely and appropriate custodial care, including, but not limited to, bathing, grooming, incontinent care, personal attention and care to her skin, feet, nails, and oral hygiene;

g) Failure to have in place adequate guidelines, policies and procedures of the Facility and to administer those policies through enforcement of particular rules, regulations, by-laws or guidelines;

h) Failure to take any or all necessary and reasonable custodial measures to prevent the onset and progression of pressure ulcers or other skin breakdown to Decedent, Wilda Vanhook, during her residency;

i) Failure to monitor or increase the number of nursing personnel at the Facility to ensure that Decedent, Wilda Vanhook:

1) Received timely and accurate care assessments;

2) Received prescribed treatment, medication and diet; and

3) Received timely custodial, nursing and medical intervention due to a significant change in condition.

j) Failure to take timely and/or reasonable steps to prevent, eliminate and

correct deficiencies and problems in resident care at the Facility;

k) Failure to provide a safe environment for care, treatment and recovery, and to exercise ordinary care and attention for the safety of Decedent, Wilda Vanhook, in proportion to her particular physical and mental ailments, known or discoverable by the exercise of reasonable skill and diligence;

l) Failure to provide adequate hygiene and sanitary care to prevent infection; and

m) Failure to provide proper custodial care.

25. A reasonably prudent nursing facility would not have failed to provide the care listed above, it was foreseeable that these breaches of ordinary care would result in serious injuries to Decedent, Wilda Vanhook. With regard to each of the foregoing acts and omissions, which amount to negligence, Defendant, Cumberland, acted with oppression, fraud, malice or was grossly negligent by acting with wanton or reckless disregard for the health and safety of Decedent, Wilda Vanhook.

26. Pursuant to KRS 446.070, Plaintiff, Wilda Vanhook, also alleges Defendant, violated statutory and regulatory duties of care, the violations of which are actionable as negligence *per se*. Decedent, Wilda Vanhook, was injured by the statutory violations of Defendant, Cumberland, and was within the class of persons for whose benefit the statutes were enacted and who were intended to be protected by these statutes. The negligence *per se* of Defendant included, but is not limited to, violation(s) of the following:

a) Violation(s) of KRS 209.005 et seq. and the regulations promulgated thereunder, by abuse, neglect and/or exploitation of Decedent, Wilda Vanhook;

b) Violation(s) of KRS 508.090 *et seq.*, criminal abuse, by committing intentional, wanton or reckless abuse of Decedent, Wilda Vanhook, who was physically helpless or mentally helpless or permitting Decedent, Wilda Vanhook, a person of whom Defendant had actual custody, to be abused; such abuse caused serious physical injury, placed Decedent, Wilda Vanhook in a situation that might cause her serious physical injury, and/or caused torture, cruel confinement or cruel punishment of Decedent, Wilda Vanhook.

c) Violation(s) of KRS 530.080 et seq., endangering the welfare of an incompetent person, by knowingly acting in a manner which resulted in an injury to the physical and/or mental welfare of Decedent, Wilda Vanhook, who was unable to care for herself because of her illness;

d) Violation(s) of KRS 506.080, criminal facilitation of criminal act(s), by acting with knowledge that another person or entity was committing one or more of the foregoing criminal acts or intending to commit one or more of the foregoing criminal acts, and engaged in conduct which knowingly provided another person or entity the means or opportunity for the commission of such criminal act(s) and which in fact aided another person or entity to commit the criminal act(s); and/or

e) Violation(s) of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of KRS Chapter 216 and 216B and the regulations promulgated thereunder, as well as the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

27. As a direct and proximate result of such grossly negligent, wanton or reckless conduct, Decedent, Wilda Vanhook, suffered the injuries described herein.

28. Plaintiff, Timothy Vanhook, Executor of the Estate of Wilda Vanhook, Deceased, asserts a claim for judgment for all compensatory and punitive damages against the Defendant including, but not limited to, medical expenses, pain and suffering, mental anguish, disability, and disfigurement, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

**CORPORATE NEGLIGENCE**

29. Plaintiff, Timothy Vanhook, Executor of the Estate of Wilda Vanhook, Deceased, re-alleges and incorporates the allegations contained in Paragraphs 1 – 28, as if fully set forth herein.

30. Decedent, Wilda Vanhook, was looking to Defendant and its agents and employees at the Facility for treatment of her total needs, including her physical ailments, and not merely as the situs where others not associated with the Facility would treat her for her problems; there is a presumption that the treatment Decedent, Wilda Vanhook, received was being rendered through employees of Defendant, Cumberland, and that any negligence associated with that treatment would render Defendant, Cumberland, responsible. Defendant or persons or entities under its control, or to the extent Defendant was vicariously liable through the ostensible or apparent agency of others, owed a non-delegable duty to residents, including Decedent, Wilda Vanhook, to use the degree and skill which is expected of reasonably competent medical practitioners acting in the same or similar circumstances.

31. Defendant, Cumberland, owed a non-delegable duty to assist Decedent, Wilda Vanhook, in providing services necessary to cause Decedent, Wilda Vanhook, to achieve and maintain her highest level of physical, mental and psychological well-being possible.

32. Defendant, Cumberland, owed a duty to Decedent, Wilda Vanhook, to maintain the Facility; including providing and maintaining medical equipment and supplies; and hiring, supervising and retaining nurses and other staff employees.

33. Defendant, Cumberland, owed a duty to Decedent, Wilda Vanhook, to have in place policies, procedures, and protocols that properly care for residents and to administer these policies, procedures, and protocols through enforcement of any rules, regulations, by-laws or guidelines,

which were adopted by Defendant to insure smoothly run facilities and adequate resident care.

34. Defendant, Cumberland, owed a duty to Decedent, Wilda Vanhook, to provide a safe environment, treatment and recovery, and to exercise ordinary care and attention for the safety of residents in proportion to the physical and mental ailments of each particular resident, known or discoverable by the exercise of reasonable skill and diligence; the duty of reasonable care and attention extended to safeguarding Decedent, Wilda Vanhook, from danger due to her inability to care for herself; Defendant had a duty to protect Decedent, Wilda Vanhook, from any danger which the surroundings would indicate might befall her in view of any peculiar trait exhibited by her or which her mental condition or aberration would suggest as likely to happen.

35. A reasonably prudent nursing facility would not have failed to provide the care listed above, it was foreseeable that these breaches of ordinary care would result in serious injuries to Decedent, Wilda Vanhook. With regard to each of the foregoing acts and omissions which amount to negligence, Defendant, Cumberland, acted with oppression, fraud, malice, or was grossly negligent by acting with wanton or reckless disregard for the health and safety of Decedent, Wilda Vanhook.

36. As a direct and proximate result of such act or acts of negligence, oppression, fraud, malice, or gross negligence, Decedent, Wilda Vanhook, suffered the injuries described herein.

37. Plaintiff, Timothy Vanhook, Executor of the Estate of Wilda Vanhook, Deceased, asserts a claim for judgment for all compensatory and punitive damages against Defendant, Cumberland, including, but not limited to, medical expenses, pain and suffering, mental anguish, disfigurement, hospitalization, and unnecessary loss of personal dignity, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs

and all other relief to which Plaintiff is entitled by law.

**VIOLATIONS OF LONG TERM CARE RESIDENT'S RIGHTS**

38. Plaintiff, Timothy Vanhook, Executor of the Estate of Wilda Vanhook, Deceased, re-alleges and incorporates the allegations contained in Paragraphs 1 – 37, as if fully set forth herein.

39. Defendant, Cumberland, violated statutory duties owed to Decedent, Wilda Vanhook, as a Resident of a long term care facility, Kentucky Revised Statutes 216.510 *et seq.* These statutory duties were non-delegable.

40. The violations of the resident's rights of Decedent, Wilda Vanhook, include:

a) Violation of the right to be treated with consideration, respect, and full recognition of her dignity and individuality;

b) Violation of the right to have a responsible party or family member or her guardian notified immediately of any accident, sudden illness, disease, unexplained absence, or anything unusual involving the resident;

c) Violation of the right to have an adequate and appropriate resident care plan developed, implemented and updated to meet her needs;

d) Violation of the right to be free from abuse and neglect; and

e) Violation of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of KRS Chapter 216 and the regulations promulgated thereunder, as well as the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

41. As a result of the aforementioned violations of the Resident's Rights Statutes by Defendant, pursuant to KRS § 216.515(26), Plaintiff, Timothy Vanhook, Executor of the Estate of Wilda Vanhook, Deceased, is entitled to recover actual damages in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and

attorney's fees.

42. With regard to the aforementioned violations of the Resident's Rights Act, Defendant, Cumberland, acted with oppression, fraud, malice, or were grossly negligent by acting with wanton and reckless disregard for the rights of Decedent, Wilda Vanhook, and, pursuant to KRS § 216.515(26), Plaintiff is entitled to punitive damages from Defendant, Cumberland, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees.

## DAMAGES

43. Plaintiff, Timothy Vanhook, Executor of the Estate of Wilda Vanhook, Deceased re-alleges and incorporates the allegations contained in Paragraphs 1 – 42, as if fully set forth herein.

44. As a direct and proximate result of the negligence of the Defendant, Cumberland, as set out above, Decedent, Wilda Vanhook, suffered injuries including, but not limited to, those listed herein. As a result, Decedent, Wilda Vanhook, suffered embarrassment, physical impairment, and great pain and suffering, both physical and mental.

45. Plaintiff, Timothy Vanhook, Executor of the Estate of Wilda Vanhook, Deceased, seeks punitive and compensatory damages against the Defendant, Cumberland, in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff, Timothy Vanhook, Executor of the Estate of Wilda Vanhook, Deceased, is entitled by law.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff, Timothy Vanhook, Executor of the Estate of Wilda Vanhook,

Deceased, prays for judgment against Defendant, Cumberland, in the type set forth herein and an amount to be determined from the evidence, the costs herein expended, and all other relief to which Plaintiff may appear entitled, including TRIAL BY JURY.

Respectfully submitted,

Jeremy J. Nelson
THE SAMPSON LAW FIRM
450 South Third Street, 4th Floor
Louisville, Kentucky 40202
Telephone: (502) 584-5050
Fax: (502) 584-5055
jeremy@slftrial.com
*Counsel for Plaintiff*

COMMONWEALTH OF KENTUCKY
28TH JUDICIAL DISTRICT
PULASKI DISTRICT COURT
PROBATE CASE NO. 13-P-232




IN RE: THE ESTATE OF WILDA C. VANHOOK, deceased

ORDER APPOINTING EXECUTOR

Petition having been filed in this Court by Timothy R. Vanhook to be appointed Executor of the Estate of Wilda C. Vanhook who died testate on the 26th day of April, 2013, a resident of Pulaski County, Kentucky;

**IT IS THEREFORE ORDERED** that Timothy R. Vanhook is appointed as Executor of the Estate of Wilda C. Vanhook, deceased;

**WHEREUPON**, bond is set in the amount of $ 1000 without w/o surety;

**THEREUPON**, Timothy R. Vanhook signed an Oath of Administrator as required by law and qualified on the date of this Order;

**IT IS FURTHER ORDERED** that Timothy R. Vanhook be and is hereby directed, authorized and empowered to proceed to discharge the duties of his office, with all of the rights and privileges pertaining thereto.

**GIVEN** under my hand as Judge of the Pulaski District Court, on this the 28 day of May, 2013.

JEFFREY S. LAWLESS, JUDGE
PULASKI DISTRICT/PROBATE COURT

DISTRIBUTION:

Hon. Marcus L. Vanover [✓]
117 W. Mount Vernon Street
Somerset, KY 42501

Mr. Timothy R. Vanhook [✓]
135 Hail Street
Somerset, KY 42501

Ms. Marilyn K. Bullock [✓]
778 Bend of the Lakes Road
Somerset, KY 42501-5906

M. Burlett 5-28-13

Clerk Date